PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE <u>EASTERN</u> DISTRICT OF TEXAS
<u>LUFKIN</u> DIVISION

<u>EDWARD HERRERA 585206</u>
Plaintiff's Name and ID Number

<u>JESTER III UNIT</u>                    **FILED**
Place of Confinement        U.S. DISTRICT COURT
                            EASTERN DISTRICT OF TEXAS CASE NO. <u>9:20cv43</u>
                                            (Clerk will assign the number)
                            **MAR 1 0 2020**
v.                                          <u>JURY TRIAL DEMAND</u>

                            BY
<u>LORIE DAVIS (DIRECTOR)</u>    ~~DEPUTY~~
Defendant's Name and Address  <u>INDIVIDUAL AND OFFICIAL CAPACITY</u>

<u>WARDEN WHEATON, 2665 PRISON RD. 1, LOVE LADY, TX 75851, FULL NAME UNKNOWN</u>
Defendant's Name and Address  <u>INDIVIDUAL AND OFFICIAL CAPACITY</u>

<u>ASSISTANT WARDEN ALLAN, 2665, PRISON RD. 1, LOVE LADY, TX 75851, FULL NAME UNKNOWN</u>
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

<u>Defendant's Name And Address Continued</u>

4.  <u>Major Lamb</u>, 2665 Prison Rd 1, Love Lady, TX 75851
    Full Name Unknown, Individual and Official Capacity

5.  <u>Major Campbell</u>, 2665 Prison Rd 1, Love Lady, TX 75851
    Full Name Unknown, Individual and Official Capacity

6.  <u>Supervisor Ms. Masters</u>, 2665 Prison Rd 1, Love Lady, TX 75851
    Full Name Unknown, Individual and Official Capacity

7.  <u>Supervisor Capt. Bullard</u>, 2665 Prison Rd 1, Love Lady, TX 75851
    Full Name Unknown, Individual and Official Capacity

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis.* In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES x ___NO

    B.  If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit: ___N/A___

        2.  Parties to previous lawsuit:

            Plaintiff(s) ___N/A___

            Defendant(s) ___N/A___

        3.  Court: (If federal, name the district; if state, name the county.) ___N/A___

        4.  Cause number: ___N/A___

        5.  Name of judge to whom case was assigned: ___N/A___

        6.  Disposition: (Was the case dismissed, appealed, still pending?) ___N/A___

        7.  Approximate date of disposition: ___N/A___

Rev. 05/15

II.     PLACE OF PRESENT CONFINEMENT: __Jester III Unit__

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?          x  YES    ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.     PARTIES TO THIS SUIT:

A. Name and address of plaintiff: __Edward Herrera, 585206__

Jester III Unit, 3 Jester Rd

Richmond, TX 77406

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: __Warden Wheaton, Full Name Unknown, Sr. Warden in Charge of Care, Custody__
and Control, Eastham Unit, 2665 Prison Rd 1, Love Lady, TX 75851, Individual and Official Capacity

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Did not provide adequate health safety standards at the unit textile factory causing plaintiff harm

Defendant #2: __Lorie Davis, Director of TDCJ, In charge of Care, Custdody and Control of__
TDCJ Units, P.O. Box 99, Huntsville, TX 77342, Individual and Official Capacity

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Did not provide sufficient health and safety measures on the Eastham Unit Textile Factory

Defendant #3: __Assistant Warden Allan, Full Name Unknown, 2nd in command of care, custod__
and control on Eastham Unit, 2665 Prison Rd 1, Love Lady, TX 75851, Individual and Official Capacit

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Did not provide adequate health safety standards at the unit textile factory causing plaintiff harm

Defendant #4: __Major Lamb, In Charge of Dailty Operations and Care, Custody and Control,__
Full Name Unknown, 2665 Prison Rd 1, Love Lady, TX 75851, Individual and Official Capacity

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Did not provide plaintiff with adequate health safety measure in the textile factory causing harm

Defendant #5: __Major Campbell, Garmet Factory Supervisor, Full Name Unknown__
2665 Prison Rd 1, Love Lady, TX 75851, Individual and Official Capacity

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Failed to inform the inmates of the risk associated with breathing in those poisoness textile
chemicals after long periods of time

Rev. 05/15

3

FULL NAME OF EACH DEFENDANT, HISS OFFICIAL POSITION, HIS PLACE OF EMPLOYMENT, AND HIS FULL MAILING ADDRESS CONTINUED

DEFENDANT 6.   SUPERVISOR MS. MASTERS, FULL NAME UNKNOWN, IN CHARGE OF THE INMATES WORKING IN THE (GARMET) TEXTILE FACTORY, INDIVIDUAL AND OFFICIAL CAPACITY, 2665 PRISON RD 1, LOVE LADY, TX 75851
BRIEFLY ACTS:  DID NOT WARN PLAINTIFF OF THE POSSIBLE DANGER OF BREATHING POISONESS CHEMICAL FOR A LONG PERIOD OF TIME IN THE (GARMET) TEXTILE FACTORY.

DEFENDANT 7.   SUPERVISOR CAPT. BULLARD, SUPERVISOR OF THE (GARMET) TEXTILE FACTORY, FULL NAME UNKNOWN, OFFICIAL AND INDIVIDUAL CAPACITY, 2665 PRISON RD 1, LOVE LADY, TX 75851
BRIEFLY ACTS:  DID NOT WARN PLAINTIFF OF THE POSSIBLE DANGER OF BREATHING POISONESS CHEMICALS FOR A LONG PERIOD OF TIME IN THE (GARMET) TEXTILE FACTORY.

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

WHILE HOUSED AT THE EASTHAM UNIT FROM 2003-2017, PLAINTIFF WAS ASSIGNED TO WORK IN THE (GARMET) TEXTILE FACTORY FROM 2005 UNTIL 2016.  APPROXIMATELY TEN YEARS. DURING THAT TIME, PLAINTIFF WAS EXPOSED TO BREATHING IN LARGE AMOUNTS OF DUST, CHEMICALS AND OTHER POLLUTANTS IN THE FACTORY WITHOUT BEING PROVIDED WITH ANY FORM OF BREATHING PROTECTION AGAINST THESE POISONOUS CHEMICALS.  THE FAILURE TO PROVIDE A SAFE WORKING ENVIRONMENT RESULTED IN PLAINTIFF BEING DIAGNOSED WITH INTERSTITIAL LUNG DISEASE WITH CHRONIC HYPOXIC RESPIRATORY FAILURE DUE TO INHALATIONAL LUNG INJURIES SUSTAINED WHILE WORKING IN THE FACTORY.  THIS ULTIMATELY RESULTED IN NUMEROUS HOSPITAL STAYS AND PERMANENT PLACEMENT IN THE SHELTERED HOUSING FACILITY

VI.   RELIEF:

State briefly exactly what you want the court to do for you.    Make no legal arguments.  Cite no cases or statutes.

PLAINTIFF IS SEEKING COMPENSATORY AND NOMINAL AND PUNITIVE DAMAGES AND MEDICAL COVERAGE

VII.  GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

(NO ALIASES) EDWARD HERRERA

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

456621 AND 585206

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? _____ YES _x_ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division): N/A

2.  Case number: N/A

3.  Approximate date sanctions were imposed: N/A

4.  Have the sanctions been lifted or otherwise satisfied?                N/A YES N/A NO

Rev. 05/15

## STATEMENT OF CLAIM CONTINUED

AT JESTER III UNIT, WHICH IS A MEDICAL FACILITY DESIGNED TO CARE AND TREAT MEDICALLY ILL INMATES IN NEED OF SERIOUS MEDICAL ATTENTION. THE DISREGARD FOR THE SAFETY AND WELFARE OF THE PLAINTIFF HAS CAUSED HIS CONDITION TO BE PERMANATELY DISABLED, REQUIRING FULL TIME 24 HOUR DAILY OXYGEN USE AND PLACING PLAINTIFF IN A WHEELCHAIR AS WELL AS SIGNIFICANTLY REDUCING HIS LIFESPAN. THIS LACK OF FUTURE EMPLOYABILITY, HEALTH COSTS, REDUCED QUALITY OF LIFE AND PSYCOLOGICAL IMPACT HAS A DEVASTATING EFFECT ON PLAINTIFF AND HIS IMMEDIATE FAMILY. RESPONSIBILITIES FOR THIS UNSAFE ENVIRONMENT CAUSING THESE DAMAGES INCLUDE BUT ARE NOT LIMITED TO THE FOLLOWING DEFENDANTS: LORIE DAVIS (DIRECTOR) OF TDCJ, INDIVIDUAL AND OFFICIAL CAPACITY, SENIOR WARDEN WHEATON, WARDEN AT EASTHAM UNIT, FULL NAME UNKNOWN, INDIVIDUAL AND OFFICIAL CAPACITY

ASSISTANT WARDEN ALLAN, 2ND IN CHARGE OF EASTHAM UNIT, FULL NAME UNKNOWN, INDIVIDUAL AND OFFICIAL CAPACITY

MAJOR CAMPBELL, (GARMET) TEXTILE FACTORY SUPERVISOR ON EASTHAM UNIT, FULL NAME UNKNOWN, INDIVIDUAL AND OFFICIAL CAPACITY

MS. MASTERS, (GARMET) TEXTIL FACTORY SUPERVISOR ON EASTHAM UNIT, FULL NAME UNKNOWN, INDIVIDUAL AND OFFICIAL CAPACITY

CAPT. BULLARD, (GARMET) TEXTILE FACTORY SUPERVISOR ON EASTHAM UNIT, FULL NAME UNKNOWN, INDIVIDUAL AND OFFICIAL CAPACITY

THESE DEFENDANTS INDIVIDUALLY AND OFFICIALLY FAILED TO PROVIDE PLAINTIFF WITH THE NECESSARY SAFETY MEASURES TO PREVENT HIM FROM BECOMMING INFECTED WITH A DEADLY LUNG DISEASE AND SUSTAINING INJURIES.

C. Has any court ever warned or notified you that sanctions could be imposed?          _____ YES  _x_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): __N/A__

2. Case number: __N/A__

3. Approximate date warning was issued: __N/A__

Executed on: _____
                    DATE

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __6Th__ day of __MARch__, 20 __2D__.
                  (Day)                    (month)              (year)

EDWARD HERRERA
Edward Herrera
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions.  The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

## In The United States District Court
## For The Eastern District of Texas
## Lufkin Division

Edward Herrera 585206
      Plaintiff

Jester III Unit
      Place of Confinement

### Jury Trial Demand

### Memorandum of Law in support of Prisoner's Civil Rights Complaint 1983

To the Honorable Judge of said Court:

Comes now, Edward Herrera, Plaintiff, PRO-SE and would like to show the Court the following:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

EDWARD HERRERA 585206
          PLAINTIFF
JESTER III UNIT
          PLACE OF CONFINEMENT


          VS.                              JURY TRIAL DEMAND


          DEFENDANTS
1.  LORIE DAVIS, DIRECTOR, INDIVIDUAL AND OFFICIAL CAPACITY
2.  WARDEN WHEATON, WARDEN, FULL NAME UNKNOWN, INDIVIDUAL AND OFFICIAL CAPACITY
3.  ASSISTANT WARDEN ALLAN, ASSISTANT WARDEN, FULL NAME UKNOWN, INDIVIDUAL AND
    OFFICIAL CAPACITY
4.  MAJOR LAMB, UNIT MAJOR, FULL NAME UNKNOWN, INDIVIDUAL AND OFFICIAL CAPACITY
5.  MAJOR CAMPBELL, SUPERVISOR OF TEXTILE FACTORY, FULL NAME UNKNOWN, INDIVIDUAL
    AND OFFICIAL CAPACITY
6.  MS. MASTERS, SUPERVISOR OF TEXTILE FACTORY, FULL NAME UKNOWN, INDIVIDUAL
    AND OFFICIAL CAPACITY
7.  CAPT. BULLARD, SUPERVISOR OF TEXTILE FACTORY, FULL NAME UNKNOWN, INDIVIDUAL
    AND OFFICIAL CAPACITY


## JURISDICTIONAL RIGHTS


THE UNITED STATES EASTERN DISTRICT COURT, LUFKIN DIVISION HAS JURISDICTION
DUE TO PLAINTIFF'S INJURIES BEING SUSTAINED AT THE EASTHAM UNIT, TEXAS DEPART-
MENT OF CRIMINAL JUSTICE SYSTEM IN LOVE LADY, TEXAS, 2665 PRISON RD, 1, 75851.


## CRUEL AND UNUSUAL PUNISHMENT


THE EIGHTH AMENDMENT, WHICH FORBIDS CRUEL AND UNUSUAL PUNISHMENT, GOVERNS
THE TREATMENT OF CONVICTED PRISONERS.  TO WIN AN EIGHTH AMENDMENT CASE, YOU
MUST ESTABLISH BOTH AN OBJECTIVE COMPONENT, THE SERIOUSNESS OF THE CHALLENGED
CONDITIONS, AND A SUBJECTIVE COMPONENT, AND THE STATE OF MIND OF THE OFFICIALS
WHO ARE RESPONSIBLE FOR THEM.  IN PLAINTIFF'S CASE, HE WAS FORCED TO WORK IN
THE (GARMET) TEXTILE FACTORY FOR APPROXIMATELY TEN (10) YEARS WITHOUT BEING

1

## CRUEL AND UNUSUAL PUNISHMENT CONTINUED

PROVIDED WITH THE NECESSARY BREATHING MASK TO AVOID BEING EXPOSED TO THE
POISONOUS CHEMICALS UTILIZED IN THE FACTORY. THE SUPERVISORS, MAJOR CAMPBELL
AND MS. MASTERS AND CAPT. BULLARD WHO WERE CONSIDERED LICENSED AND HIGHLY
TRAINED IN TEXTILE FACTORY WORK SHOULD HAVE KNOWN THE RISK AND TAKEN THE
NECESSARY PREVENTIVE MEASURES TO INSURE THE SAFETY AND WELFARE OF THE INMATES.
RECENT SUPREME COURT DECISIONS CONCERNING PRISONERS EIGHTH AMENDMENT CLAIMS
HAVE EMPHASIZED PHYSICAL HARM, OR THE RISK OF IT. THE COURT HAS HELD THAT
UNSAFE CONDITIONS THAT POSE AN UNREASONABLE RISK OF SERIOUS DAMAGE TO (A
PRISONER) FUTURE HEALTH, DO VIOLATE THE EIGHTH AMENDMENT EVEN IF THE DAMAGE
HAS NOT YET OCCURRED AND MAY NOT AFFECT EVERY PRISONER EXPOSED TO THE CONDITIONS.
IN NUMEROUS DECISIONS HAVE HELD THAT CONDUCT CAN VIOLATE THE EIGHTH AMENDMENT
EVEN IF IT DOES NOT INFLICT PHYSICAL INJURY, OR CAUSE LASTING OR PERMANENT
HARM. WITH RESPECT TO CONDITIONS OF CONFINEMENT, THE DELIBERATE INDIFFERENCE
TEST IS USED TO DETERMINE WHETHER OFFICIALS ACTED WITH A SUFFICIENTLY CULPABLE
STATE OF MIND. UNDER THIS STANDARD, PRISON OFFICIALS ARE LIABLE FOR DENYING
HUMANE CONDITIONS OF CONFINEMENT, SIMPLY BY KNOWING THAT AN INMATE MAY HAVE
FACED A SUBSTANTIAL RISK OF SERIOUS HARM AND DISREGARDED THAT RISK BY FAILING
TO TAKE REASONABLE MEASURES TO ABATE IT. SIMILARLY, ALLEGED DEFICIENCIES IN
MEDICAL CARE AND FACILITIES REQUIRE A SHOWING OF DELIBERATE INDIFFERENCE
TOWARD SERIOUS MEDICAL NEEDS. DELIBERATE INDIFFERENCE TO MENTAL HEALTH AS WELL
AS PHYSICAL NEEDS IS ACTIONABLE. THE HEALTH RISK POSED BY INVOLUNTARY EXPOSURE
TO ENVIRONMENTAL TOBACCO SMOKE (ETS) CAN FORM THE BASIS OF AN EIGHTH AMENDMENT
VIOLATION. PRISONERS NEED NOT SHOW PRESENT INJURY TO STATE A CLAIM, BUT MUST
EXPOSURE TO UNREASONABLY HIGH LEVELS OF ETS, THAT SERIOUSLY THREATEN THEIR
FUTURE HEALTH.

## CASE LAW, CRUEL AND UNUSUAL PUNISHMENT

MORGAN V. MORGENSEN, 465 F.3D 1041, 1045-1047 (9TH CIR.2006)
8TH AMENDMENT CLAIM STATED WHEN INMATE FORCED TO CONTINUE WORKING IN PRISON
PRINT SHOPT DESPITE NOTITYING OFFICIALS OF DANGEROUSLY DEFECTIVE PRINTING
PRESS.
SMITH V. U.S. 561 F.3D 1090, 1104-05 (10TH CIR.2009)
8TH AMENDMENT CLAIM STATED WHERE PRISONER ASSIGNED TO WORK IN CLOSET KNOWN TO
CONTAIN ASBESTOS.

## CASE LAW, CRUEL AND UNUSUAL PUNISHMENT CONTINUED

### FARMER, 511 U.S. AT 841-42

THE SUPREME COURT REJECTED AN OBJECTIVE STANDARD UNDER WHICH A PRISON OFFICIAL WHO WAS UNAWARE OF A SUBSTANTIAL RISK OF HARM TO AN INMATE WOULD NEVERTHELESS BE HELD LIABLE UNDER THE EIGHTH AMENDMENT IF THE RISK WAS OBVIOUS AND A REASONABLE PRISON OFFICIAL WOULD HAVE BEEN AWARE OF IT. THE OFFICIAL MUST BOTH BE AWARE OF THE FACTS FROM WHICH THE INFERENCE COULD BE DRAWN THAT A SUBSTANTIAL RISK OF SERIOUS HARM EXISTS, AND HE MUST ALSO DRAW THE INFERENCE.

### HELLING v. MCKINNEY, 509 U.S. 25, 34-35 (1993)

8TH AMENDMENT CLAIM STATED BY INMATE ALLEGING THAT PRISON OFFICIALS WITH DELIBERATE INDIFFERENCE, EXPOSED HIM TO LEVELS OF ETS POSING UNREASONABLE RISK OF SERIOUS DAMAGE TO FUTURE HEALTH.

### DELIBERATE INDIFFERENCE

AS WITH OTHER EITHTH AMENDMENT CLAIMS, THE DELIBERATE INDIFFERENCE STANDARD REQUIRES A PLAINTIFF TO SHOW THAT THE DEFENDANT'S HAD ACTUAL KNOWLEDGE OF AN OBJECTIVELY CRUEL CONDITION AND DID NOT RESPOND REASONABLY TO THE RISK. ANOTHER CLAIM A PLAINTIFF CAN FILE IS MEDICAL MALPRACTICE, SINCE A MISDIAGNOSIS OR NONDIAGNOSIS RESULTING FROM FAILURE TO EXERCISE ORDINARY KNOWLEDGE, SKILL AND CARE DOES CONSTITUTE MALPRACTICE. HOWEVER, THE COURT DOES NOT HAVE TO ACCEPT MEDICAL STAFF'S STATEMENTS THAT THEY DID NOT KNOW YOU HAD A SERIOUS NEED IF THERE IS EVIDENCE (DIRECT OR INDIRECT) TO THE CONTRARY. THE SAME IS TRUE WHERE NON-MEDICAL PERSONNEL FAIL TO ACT BUT THERE IS EVIDENCE THAT THEY DID KNOW YOU WERE ILL OR AT RISK. IN PLAINTIFF'S CASE LORIE DAVIS, DIRECTOR AND WARDEN WHEATON, WARDEN AND ASSISTANT WARDEN ALLAN, AND UNIT MAJOR LAMB, ALL ARE RESPONSIBLE FOR THE CARE CUSTODY AND CONTROL OF THE INMATES ON THE EASTHAM UNIT. UPON ARRIVAL AT THE UNIT, EACH INMATE IS ASSIGNED A JOB BY THE UNIT CLASSIFICATION COMMITTEE WHICH CONSISTS OF THE WARDEN, ASSISTANT WARDEN AND THE MAJOR. THE INMATE DOES NOT HAVE THE LUXURY TO SPECIFY WHICH JOB HE WANTS, HE MUST SIMPLY WORK WHICH EVER JOB ASSIGNMENT HE IS INSTRUCTED OR ORDERED TO DO SO. IT IS THE RESPONSIBILITY OF THESE PEOPLE TO MAKE CERTAIN THAT THEY PROVIDE YOU WITH A SAFE AND HEALTHY WORK ENVIRONMENT BY PROVIDING YOU WITH THE NECESSARY PROTECTION TO PROTECT YOU FROM ANY AND ALL POSSIBILITIES OF DANGEROUS POLLUTANTS AND OTHER POISONOUS MATERIAL, AND THAT THERE ARE PROPERLY TRAINED SKILL PERSONNEL TO ADEQUATELY SUPERVISE THE INMATES IN THE VARIOUS WORK FACTORIES. THE SUPREME

## DELIBERATE INDIFFERENCE CONTINUED

COURT HAS ENUNCIATED A TWO PART TEST FOR DETERMINING WHETHER A PRIVATE INDI-
VIDUAL HAS ACTED UNDER COLOR OF STATE LAW.  FIRST, THE CLAIMED DEPRIVATION MUST
BE CAUSED BY THE EXERCISE OF A RIGHT OR PRIVILEGE CREATED OR IMPOSED BY THE
STATE OR UNDERTAKEN BY A PERSON FOR WHOM THE STATE IS RESPONSIBLE.  SECOND,
THE PRIVATE PARTY MUST BE FAIRLY CHARACTERIZED AS A STATE ACTOR.  THE COURT
HAS PROVIDED AT LEAST THREE EXAMPLES OF CONDUCT THAT SATISFIES BOTH PRONGS OF
1983'S UNDER COLOR OF STATE LAW REQUIREMENT.  THE FIRST EXAMPLE IS THE MISUSE
OF POWER, POSSESSED BY VIRTUE OF STATE LAW AND MADE POSSIBLE ONLY BECAUSE THE
WRONGDOER IS CLOTHED WITH THE AUTHORITY OF STATE LAW.  THE SECOND EXAMPLE OF
CONDUCT THAT MEETS 1983'S UNDER COLOR OF STATE LAW REQUIREMENT IS A DEFENDANT
WHO HAS ACTED TOGETHER WITH OR HAS OBTAINED SIGNIFICANT AID FROM STATE OFFICIALS,
THOUGH NOT AN OFFICER OF THE STATE.  THE THIRD EXAMPLE IS AN ACTION BY A
PRIVATE PERSON WHO IS AUTHORIZED TO EXERCISE STATE AUTHORITY.

## CASE LAW, DELIBERATE INDIFFERENCE

### BENJAMIN V. FRASER, 343 F.3D 35, 52 (2D CIR.2003)
EVIDENCE OF LARGE NUMBERS OF INOPERABLE WINDOWS, CLOGGED OR DIRTY VENTILATION
REGISTERS AND EXHAUST VENTS IN SHOWERS AND CELLS, AND POOR AIR QUALITY, PLUS
FINDINGS CONCERNING THREATENED AND ACTUAL HEALTH HAZZARDS SUPPORTED FINDING
OF CONSTITUTIONALLY INADEQUATE VENTILATION.

### BOARD V. FARNHAM, 394 F.3D 469, 486 (7TH CIR.2005)
HOLDING EVIDENCE THAT VENTILATION SYSTEM WAS CONTAMINATED WITH FIBERGLASS DUST
AND MOLD SUPPORTED AN EIGHTH AMENDMENT CLAIM.

### KEENAN V. HALL, 83 F.3D 1083, 1090 (9TH CIR.1996)
HOLDING ALLEGATIONS THAT THE AIR WAS SATURATED WITH FUMES OF FECES, URINE AND
VOMIT SUPPORTED AN EIGHTH AMENDMENT VENTILATION CLAIM.

### HARRIS V. ANGELINA COUNTY, TEXAS, 31 F.3D 331, 335 (5TH CIR. 1994); WILLIAMS V. GRIFFIN, 952 F.2D 820, 824-25 (4TH CIR.1992)
OVERCROWDING ACCOMPANIED BY UNSANITARY AND DANGEROUS CONDITIONS CAN CONSTITUTE
AN EIGHTH AMENDMENT VIOLATION.

## Case Law, Deliberate Indifference Continued

### Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th cir.1995)

Holding prison officials who had information about possible asbestos conta-
mination had a duty to inspect before sending unprotected work crews to the
location.

## Plaintiffs Medical History

Plaintiff was first diagnosed with acute on chronic respiratory failure
with hypoxia, progressive dyspnea and cough and suspect he has progressive
interstitial lung disease. On the 20th day of March 2017. Please see attached
exhibits. The lungs are underexpanded, diffuse poorly defined airspace opac-
ities are seen throughout both lungs may represent a multifocal infectious
process versus moderate pulmonary edema, airspace opacification is most prom-
inent over the right lower lobe with obscuration of the right hemidiaphragm.
An focal consolidation cannot be excluded. The right costophrenic angle is
blunted suggestine of a trace pleural effusion. Plaintiff has many hospital
stays since being diagnosed and severe wheight loss, please see attached
exhibits. Plaintiff was assigned to work in the garment factory from 2005
until 2016 for approximately 10 years, breathing in poisonous chemicals, so
there is risk of inhalational lung injury. Prior to working at the instit-
utional garment factory, plaintiff had no prior medical lung injuries. Plain-
tiff is now permanately on an oxygen machine 24 hours a day and cannot breath
on his own without it. Plaintiff is also permanately assigned to a wheelchair
due to his difficult breathing issues.

## The Right To Safe Working Conditions

The Thirteenth Amendment to the Federal Constiution forbids slavery or
involuntary servitude, except as a punishment for crime whereof theparty
shall have been duly convicted. Thus convicted prisoners may be required to
work and may be disciplined if they refuse. Persons who are not convicts are
protected by the Thirteenth Amendment from mandatory work, except that they
may be required to perform, general housekeeping responsibilities, that for

5

## The Right To Safe Working Conditions Continued

HEALTH AND SAFETY MUST BE ROUTINELY OBSERVED IN ANY MULTIPLE LIVING UNIT. SOME COURTS HAVE EXPANDED THIS LAST IDEA BEYOND HELPING KEEP UP ONES OWN LIVING AREA TO INCLUDE INSTITUTIONAL TASKS SUCH AS WORKING IN JAIL FOOD SERVICE. IT IS UNCONSTITUTIONAL TO GIVE INMATES JOBS INVOLVING SUPERVISORY OR DISCIPLINARY AUTHORITY OVER OTHER INMATES, BECAUSE OF THE RISK OF VIOLENCE OR EXPLOITATION. PRISONERS MAY NOT BE REQUIRED TO DO WORK THAT IS UNSAFE, BEYOND THEIR PHYSICAL CAPABILITIES, OR CONTRARY TO THEIR RELIGIOUS BELIEFS. THEY MAY NOT BE GIVEN WORK ASSIGNMENTS THAT ARE MEDICALLY INAPPROPRIATE. YOU HAVE A RIGHT TO HUMANE CONDITIONS IN PRISON. CONDITIONS THAT ARE HARSH BUT NOT HARMFUL DO NOT VIOLATE THE EIGHTH AMENDMENT WHEN THEY ACT WITH DELIBERATE INDIFFERENCE TO A PRISON CONDITION THAT EXPOSES A PRISONER TO AN UNREASONABLE RISK OF SERIOUS HARM OR DEPRIVES A PRISONER OF A BASIC HUMAN NEED. TO CHALLENGE PRISON CONDITIONS USING THE EIGHTH AMENDMENT, YOU MUST MEET BOTH OBJECTIVE AND SUBJECTIVE REQUIREMENTS. FARMER V. BRENNAN, 511 U.S. 825 (1994) WILSON V. SEITER, 501 U.S. 294 (1991) TO MEET THE OBJECTIVE EIGHTH AMENDMENT STANDARD, YOU NEED TO SHOW THAT YOU WERE DEPRIVED OF A BASIC HUMAN NEED OR YOU WERE SIMPLY EXPOSED TO HARM. UNDER THE SUBJECTIVE PART OF THE TEST, YOU MUST SHOW THAT THE PRISON OFFICIAL YOU ARE SUING KNEW YOU WERE BEING DEPRIVED OR HARMED AND DID NOT RESPOND REASONABLY. YOU MUST ALSO SHOW HOW YOU WERE INJURED AND PROVE THAT THE DENIAL OF A BASIC NEED CAUSED YOUR INJURY. UNDER THE OBJECTIVE PART OF THE TEST, THE COURT WILL LOOK AT WHETHER THE CONDITION OR CONDITIONS YOU ARE CHALLENGING COULD SERIOUSLY AFFECT YOUR HEALTH OR SAFETY. IN CONSIDERING A CONDITION, A COURT WILL THINK ABOUT HOW BAD IT IS AND HOW LONG IT HAS LASTED. BARNEY V. PULSIPHER, 143 F.3D 1299, 1311 (10TH CIR.1998) YOU MUST SHOW THAT YOU WERE INJURED EITHER PHYSICALLY OR PSYCHOLOGICALLY, YOU MAY CHALLENGE CONDITIONS EVEN WITHOUT AN INJURY, IF YOU CAN SHOW THAT THE CONDITION PUTS YOU AT SERIOUS RISK FOR AN INJURY IN THE FUTURE, LIKE SECOND-HAND SMOKE. HELLING V. MCKINNEY, 509 U.S. 25(1993). UNDER THE SUBJECTIVE PART OF THE TEST, YOU MUST SHOW THAT THE OFFICIAL YOU ARE SUING ACTED WITH DELIBERATE INDIFFERENCE. WILSON V. TEITER, 501 U.S. 2.94(1991). IT MEANS THAT THE OFFICIAL KNEW OF THE CONDITION AND DID NOT RESPOND TO IT IN A REASONABLE MANNER. FARMER V. BRENNAN, 511 U.S. 825(1994). ONE WAY TO SHOW THIS IS BY PROVING THAT THE CONDITION WAS SO OBVIOUS THAT THE OFFICIAL MUST EITHER KNOW ABOUT IT OR BE PURPOSEFULLY IGNORING IT. COURTS MUST ALSO CONSIDER ANY COMPLAINTS OR GRIEVANCE REPORTS THAT YOU OR OTHER PRISONERS HAVE FILED. VANCE V. PETERS, 97 F.3D 987 (7TH

## The Right To Safe Working Conditions Continued

Cir. 1996), as well as prison records that refer to the problem.  Prison officials cannot ignore a problem once it is brought to their attention. Prison officials may try to argue that the prison does not have enough money to fix problems, but courts do not accept this defense.  Carty v. Turnbull, 144. Supp. 2d 395 (V.I.2001), it is important to note that while there is a subjective component to Eighth Amendment claims, the prisoner need not show why prison officials acted as they did.

## Air Quality And Temperature

Prisoners have successfully challenged air quality when it posed a serious danger to their health, particularly in cases of second hand smoke, Talal v. White, 403 F.3d 423 (6th Cir.2005) and see Alvarado v. Litscher, 267 F.3d 648 (7th Cir.2001) and asbestos, Labounty v. Coughlin, 137 F.3d 68(2d Cir.1998) Prisoners have also successfully challenged problems with lighting, Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985), Fire Safety Id at 784, Furnishings, Brown v. Bargey, 207 F.3d 863 (6th Cir.2000) accommodation of physical disabilities, Bradley v. Puckett, 157 F.3d 1022 (5th Cir. 1998), unsafe work requirements, Fruit v. Norris, 905 F.2d 1147 (8th Cir. 1990), as well as other inadequate or inhumane conditions.

## PRAYER

WHEREFORE PLAINTIFF PRAYS THIS HONORABLE COURT WILL GRANT SAID RELIEF IN FULL OR IN PART AS IT DEEMS NECESSARY.


_Edward Herrera_
SIGNATURE


_March 6, 2020_
DATE



## CERTIFICATE OF SERVICE

I, EDWARD HERRERA, PLAINTIFF PRO-SE DID PLACE ONE ORIGINAL AND COPY OF 1983 WITH MEMORANDUM IN SUPPORT THERE OF IN THE UNIT MAILBOX ON THIS THE _6th_ DAY OF _MARCH 2020_, ~~~~~ TO THE UNITED STATES DISTRICT COURT CLERK'S OFFICE, EASTERN DISTRICT OF TEXAS, 104 NORTH THIRD STREET, LUFKIN, TEXAS, 75901.


_Edward Herrera_
SIGNATURE


_March 6, 2020_
DATE

## UNSWORN DECLARATION

I, EDWARD HERRERA, PLAINTIFF, PRO-SE, SWEAR THAT I AM THE PLAINTIFF IN THIS ACTION AND I KNOW THE CONTENTS TO BE TRUE AND EXACT TO THE BEST OF MY KNOW-LEDGE UNDER THE PENALTY OF PERJURY.

EXECUTED ON THIS THE _6th_ DAY OF _MARCH 2020_

_Edward Herrera_
SIGNED

_March 6th 2020_
DATE

9.



# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2019102670 |
| Date Received: | 4-2-2019 |
| Date Due: | 5-7-2019 |
| Grievance Code: | 677 |
| Investigator ID #: | 12592 |
| Extension Date: | 7/1/2019 |
| Date Retd to Offender: | JUN 17 2019 |

Offender Name: EDWARD HERRERA ___ TDCJ # 585206 ___

Unit: JESTER III ___ Housing Assignment: SH-40 27 ___

Unit where incident occurred: EASTHAM ___

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? UTMB MEDICAL STAFF ___ When? MARCH/APRIL 2017

What was their response? DIAGNOSIS ___

What action was taken? ONGOING MEDICAL TREATMENT ___

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

WHILE HOUSED AT THE EASTHAM UNIT FROM 2003-2017, I WORKED IN THE GARMENT FACTORY FROM 2005 TO 2016. DURING THIS TIME, I BREATHED LARGE AMOUNTS OF DUST AND OTHER POLLUTANTS IN THE FACTORY WITHOUT BEING PROVIDED ANY FORM OF BREATHING PROTECTION THIS FAILURE TO PROVIDE A SAFE WORKING ENVIRONMENT RESULTED IN BEING DIAGNOSED WITH INTERSTITIAL LUNG DISEASE WITH CHRONIC HYPOXIC RESPIRATORY FAILURE, DUE TO INHALATIONAL LUNG INJURIES SUSTAINED WHILE WORKING IN THE FACTORY. THIS RESULTED IN NUMEROUS HOSPITAL STAYS AND PERMANENT PLACEMENT IN THE SHELTERED HOUSING FACI-LITY AT JESTER III. THIS CONDITION HAS MADE ME PERMANENTLY DISABLED, REQUIRING FULL TIME OXYGEN AND PLACING ME IN A WHEELCHAIR AS WELL AS SIGNIFICANTLY REDUCING MY LIFESPAN. THIS LACK OF FUTURE EMPLOYABILITY, HEALTH COSTS, REDUCED QUALITY OF LIFE AND PSYCHOLOGICAL IMPACT HAS A DEVASTATING EFFECT ON MYSELF AND MY IMMEDIATE FAMILY. RESPONSIBILITIES FOR THIS UNSAFE ENVIRONMENT CAUSING THESE DAMAGES INCLUDE BUT ARE NOT LIMITED TO DURING SAID TIME FRAME ARE THE DIRECTOR(S) OF TDCJ, UNIT WARDEN(S) AND  ASSISTANT WARDEN(S), UNIT MAJOR(S) AND IMMEDIATE SUPERVISORS.

---

I-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVER)

Appendix F

_____
_____
_____
_____
_____
_____
_____
_____
_____

**Action Requested to resolve your Complaint.** AN INVESTIGATION TO DETERMINE THE FACTS OF THIS COMPLAINT.

**Offender Signature:** *Edward Herrera*     **Date:** 3·7·19

**Grievance Response:**

This grievance has been reviewed by Thomas Practice Manager. Your complaint of a lung disease caused by work completed in a garment factory cannot be investigated by this office. Causality cannot be determined at this level and through this medium. Your needs are currently being met at the Jester 3 Sheltered Housing Unit. Moreover, you have not named any complaints about care in the grievance. No further action required. Grievance unsubstantiated.

**Signature Authority:** *JThomas*     **Date:** 5|17|19

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days.  *
☐ 3. Originals not submitted.  *
☐ 4. Inappropriate/Excessive attachments.  *
☐ 5. No documented attempt at informal resolution.  *
☐ 6. No requested relief is stated.  *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language.  *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible.  *
☐ 11. Inappropriate.  *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F



*WAIVE TIME LIMITS*

**Texas Department of Criminal Justice**

# STEP 2    OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
| --- |
| Grievance #: 2019102670 |
| UGI Recd Date: 1-28-20 |
| HQ Recd Date: 1-28-20 |
| Date Due: 3-13-20 |
| Grievance Code: 677 |
| Investigator ID#: I0352 |
| Extension Date: |

Offender Name: EDWARD HERRERA    TDCJ#585206

Unit: JESTER III    Housing Assignment: SHU-27

Unit where incident occurred: EASTHAM

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...* THE RESPONSE CLEARLY DEMONSTRATES THAT MY STEP ONE GRIEVANCE WAS NEVER INVESTIGATED, AS INDICATED IN THE RESPONSE, QUOTE, YOUR COMPLAINT OF A LUNG DISEASE CAUSED BY WORK COMPLETED IN A GARMET FACTORY CANNOT BE INVESTIGATED BY THIS OFFICE, IT IS THE GRIEVANCE OFFICE RESPONSIBILITY TO FORWARD THE GRIEVANCE TO THE PROPER DEPARTMENT IN ORDER TO REACH AND ESTABLISH A REASONABLE DETERMINATION OR DISPOSITION. THIS IS CLEARLY A DELIBERATE ERROR TO AVOID T.D.C. FROM TAKING RESPONSIBILITY FOR THE DELIBERATE INDIFFERENCE THAT WAS CAUSED BY THEIR FAILURE TO PROVIDE ME WITH THE NECESSARY SAFETY MEASURES NEEDED TO AVOID PUTTING ME AT GREAT RISK, THUS CAUSING MAJOR PHYSICAL HARM.

---

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

**Offender Signature:** _Edward Hensley_      **Date:** _JUNE, 18th, 19_

**Grievance Response:**

A review of the medical grievance and documentation has been completed regarding your medical complaint during your job assignment in the garment factory, you were exposed to hazardous materials causing you to have lung damage. To remedy this, you are requesting a full investigation to determine what your long-term medical treatment will be.

An appellate review of the medical grievance and clinical record indicates the response from Step 1 is appropriate. Upon further review of your electronic health records, there is no way to determine if your exposure to hazardous materials in the garment factory were the cause of your lung issues. Furthermore, after reviewing your medical history, you have received continuous medical treatment as far back as 09/27/2016 to present day. Your clinic note from 01/17/2020 documents you are feeling weak with history of respiratory failure, weight increase with no pedal edema and you wanted to stop Lipitor but were advised to continue with medication. Currently, you are medically unassigned and are being closely monitored by the medical staff. Per documentation you are receiving adequate access to care as per Correctional Managed Health Care (CMHC) policy A-01.1.

Further review indicates you did not attempt an informal resolution of your medical concern with the supervisory staff member. Please refer to CMHC policy A-12.1, attachment A, regarding getting medical attention. No further action is warranted at this time through the grievance process.

STEP II MEDICAL GRIEVANCE PROGRAM
OFFICE OF PROFESSIONAL STANDARDS
TDCJ HEALTH SERVICES DIVISION

**Signature Authority:** _____      **Date:** _1-30-20_

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted. ***

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**

☐ 6. **Inappropriate.***

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened _____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **2ⁿᵈ Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened _____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **3ʳᵈ Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened _____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

**I-128 Back** (Revised 11-2010)              **Appendix G**

EDWARD HERRERA
T.D.C. NO# 585206
JESTER III UNIT
3 JESTER ROAD
Richmond, TEXAS. 77406



UNITED STATES DISTRICT CLERKS OFFICE
WARD R. BURKE U.S. COURT HOUSE
104 NORTH 3RD STREET

LUFKIN, TEXAS 75901

LEGAL MAIL