IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EDWARD HERRERA | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-43 |
| LORIE DAVIS, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Edward Herrera, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Lorie Davis, the director of TDCJ-CID, Warden Wheaton, Assistant Warden Allan, Major Lamb, Major Campbell, Ms. Masters, a supervisor in the textile factory at the Eastham Unit, and Captain Bullard. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Allegations

In his Complaint (doc. #1), Plaintiff states that from 2003-2017, he was incarcerated at the Eastham Unit. From 2005-2016, he was assigned to work in the textile facility at that unit. Plaintiff alleges that during this period he was exposed to large amounts of dust, chemicals and other pollutants without any type of breathing protection.

Plaintiff states that on March 20, 2017, he was diagnosed as suffering from interstitial lung disease with chronic hypoxic respiratory failure.[1] He contends that the conditions he was exposed to while working in the textile facility led to this diagnosis. Plaintiff alleges he has been hospitalized on several occasions and has been assigned to a sheltered housing facility designed to treat inmates needing serious medical attention.

---

[1] Interstitial lung disease describes a group of disorders, most of which cause progressive scarring of lung tissue. The disease affects a person's ability to breathe and get enough oxygen into the bloodstream. *Gunderson v. U.S. Dep't of Labor*, 601 F.3d 1013, 1017 n.1 (10th Cir. 2010).

Plaintiff contends that Defendants Campbell, Masters and Bullard, as supervisors in the textile factory, are considered highly trained in textile factory work. As a result, he asserts they should have known the risk of this type of work and taken necessary preventive measures to protect inmates.

In addition, Plaintiff states Defendants Davis, Wheaton, Allan and Lamb are responsible for the care and safety of inmates at the Eastham Unit. When inmates arrive at the Eastham Unit, they are assigned a job by the unit classification committee, which consists of the warden, an assistant warden and a major. Plaintiff asserts inmates are required to perform the job they are given and that he had no choice about being assigned to the textile factory. He states Defendants are required to provide a safe and healthy work environment.

## Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Id*. at 555.

## Analysis

For the reasons set forth below, Plaintiff's claims are barred by the applicable statute of limitations.[2]

There is no federal statute of limitations for lawsuits filed pursuant to 42 U.S.C. § 1983. As a result, federal courts borrow the forum state's general personal injury limitations period. *Bargher*

---

[2] A case may be dismissed *sua sponte* where it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

*v. White*, 928 F.3d 439, 444 (5th Cir. 2019). Under Texas law, the statute of limitations for an action brought pursuant to Section 1983 is two years. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 n.5 (5th Cir. 1995). As a result, Plaintiff had two years from the time his claims accrued to file a civil rights lawsuit concerning his allegations. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Federal law determines when a cause of action accrues under Section 1983. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016). A cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*. In other words, a cause of action accrues when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 n.7 (5th Cir. 2010). The plaintiff does not need to know he has a legal cause of action, but only needs to know the facts that would support a legal claim. *Piotrowski*, 51 F.3d at 576.

Plaintiff states he stopped working in the textile factory in 2016. As a result, any injury he suffered because of this work was sustained no later than December 31, 2016. Plaintiff further states that on March 20, 2017, he was diagnosed as suffering from interstitial lung disease with chronic hypoxic respiratory failure. He contends the disease was caused by the unconstitutional conditions of confinement he experienced while working in the factory.

By March 20, 2017, Plaintiff knew he had suffered an injury and was aware of facts that would support a legal claim. His cause of action therefore accrued no later than March 20, 2017. As Plaintiff's complaint is dated March 6, 2020, the complaint was filed after the applicable period of limitations expired. As a result, Plaintiff has failed to state a claim upon which relief may be granted.

## Recommendation

This civil rights lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions which are accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 31st day of October, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE